UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMERSON TOHAFJIAN,

                    Plaintiff,

        -against-

J. WERLAU; M. MILLER; D.
MARTUSCELLO, III,

                    Defendants.

25-CV-4284 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this

action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $405.00 in

fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application

and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP

application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee

in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner

seeking to proceed in this Court without prepayment of fees must therefore also authorize the

Court to withdraw these payments from his account by filing a "prisoner authorization," which

directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1]  from the

prisoner's account in installments and to send to this Court certified copies of the prisoner's

account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

Plaintiff submitted an IFP application, but he did not submit a prisoner authorization. Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 25-CV-4284 (LTS).[2]

No summons shall issue at this time. Nor will the Court consider Plaintiff's request for preliminary injunctive relief until he complies with this order. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 23, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.